NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

FEB 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERIC LUND,

   Plaintiff - Appellant,

 v.

K. MURPHY; BRIAN DAVIS,

   Defendants - Appellees,

and

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION,

   Defendant.

No. 24-7153

D.C. No.
5:21-cv-01083-JGB-DTB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted February 5, 2026
Pasadena, California

Before: GRABER, BRESS, and JOHNSTONE, Circuit Judges.

Eric Lund brought suit under 42 U.S.C. § 1983, claiming that Officer Keetha

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Murphy and Lieutenant Brian Davis violated Lund's constitutional rights and California's Bane Act when they investigated Lund for conspiring to introduce a controlled substance into prison and transferred him to administrative segregation.[1] The district court granted summary judgment to Defendants on Lund's First Amendment retaliation claim and his Fourth Amendment and Bane Act claims for unreasonable seizure. Lund's mail-interference claims against Murphy proceeded to trial, with the jury ruling in Murphy's favor. Lund appeals the summary judgment ruling and the jury verdict. We have jurisdiction under 28 U.S.C. § 1291, and we review the grant of summary judgment de novo. *Nunez v. Duncan*, 591 F.3d 1217, 1222 (9th Cir. 2010). We also review de novo whether a jury instruction correctly states the law. *Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014) (en banc). We affirm.

1. The district court correctly granted summary judgment to Murphy on the First Amendment retaliation claim because no reasonable jury could find that the grievance Lund filed was "the substantial or motivating factor behind the defendant's conduct." *Johnson v. Ryan*, 55 F.4th 1167, 1201–02 (9th Cir. 2022) (citation omitted). "A plaintiff cannot establish unconstitutional retaliation 'if the same decision would have been reached' absent the protected conduct, even if

---

[1] Lund dismissed his claims against the California Department of Corrections and Rehabilitation.

'protected conduct played a part, substantial or otherwise,' in motivating the government's action." *Riley's Am. Heritage Farms v. Elsasser*, 32 F.4th 707, 721 (9th Cir. 2022) (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 285 (1977)).

Here, the undisputed evidence reflects that Murphy's investigation started before Lund filed his grievance on May 10, 2020. Murphy stated that she tested Lund's mail for narcotics before she took Lund's mail from his bunk on May 4, 2020. Lund's attempt to contest that timeline does not rise above conjecture. Furthermore, Lund does not identify sufficient evidence after May 10 suggesting that his grievance was "the substantial or motivating factor" in Murphy's decisions after that date. *Johnson*, 55 F.4th at 1201. Therefore, the district court correctly concluded that Lund cannot show causation to prevail on his First Amendment retaliation claim.

2. The district court correctly granted summary judgment to Murphy and Davis on the Fourth Amendment seizure and related Bane Act claims because Lund's transfer to administrative segregation was reasonable as a matter of law. Assuming without deciding that Lund's transfer to administrative segregation qualifies as a Fourth Amendment seizure, the "reasonableness" of that seizure "is determined by reference to the prison context." *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988) (analyzing an unreasonable search claim).

3 24-7153

Lund argues that his transfer to administrative segregation was unreasonable because Murphy deliberately fabricated evidence. This assertion lacks support in the record. Murphy's testimony regarding how she conducted the Narcotics Identification System ("NIK") test does not suggest that she "deliberately mischaracterize[d]" evidence. *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1111 (9th Cir. 2010). Murphy and Davis were following prison policy in conducting their investigation and transferring Lund to administrative segregation. And the purported unreliability of NIK tests does not demonstrate that Defendants "knew or should have known that [Lund] was innocent." *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). Lund's other theories of unreasonableness turn on these same basic points and likewise fail. Lund's Bane Act claim for unreasonable seizure is derivative of his Fourth Amendment claim, so it fails for the same reasons. *See Williamson v. City of National City*, 23 F.4th 1146, 1155 (9th Cir. 2022) ("California's Bane Act requires proof of an underlying constitutional violation."); *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1186 n.7 (9th Cir. 2015) (noting that Article I, Section 13 of the California Constitution provides no greater protection against seizure than the Fourth Amendment provides).

The district court did not procedurally err by granting summary judgment to defendants on reasonableness grounds. "[W]here the party moving for summary judgment has had a full and fair opportunity to prove its case, but has not succeeded

in doing so, a court may enter summary judgment *sua sponte* for the nonmoving party." *Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) (en banc), *abrogated in part on other grounds by Perttu v. Richards*, 605 U.S. 460, 475 (2025). Here, the reasonableness issue was litigated through Lund's own summary judgment motion, so he had a "full and fair opportunity" to show that his transfer to administrative segregation was unreasonable. *Id.* Nor has Lund identified any other ground on which summary judgment should have been denied.

3. As to the mail-interference claims, the district court did not err in instructing the jury to consider whether Murphy's conduct was "not related to a legitimate penological purpose or justification." The court properly instructed the jury in the first instance to consider whether Murphy inspected or opened Lund's legal mail outside his presence "in an arbitrary or capricious manner." *See Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211–12 (9th Cir. 2017) (considering whether a prisoner's mail was "opened in an arbitrary or capricious way" (citation omitted)). And the court properly defined "arbitrary or capricious" as "conduct not related to a legitimate penological purpose or justification." *See id.* at 1213 (noting that prison officials can "present evidence of a legitimate penological reason for opening [the plaintiff's] mail outside his presence"); *see also Bell v. Williams*, 108 F.4th 809, 828 (9th Cir. 2024) (noting that "consideration of the jail's security interest" can still be relevant even when the *Turner v. Safley*, 482 U.S. 78 (1987), standard does not

apply).

**AFFIRMED.**